## Charles Busack, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,465.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917.

### Statement of the Case.

Action by Charles Busack, plaintiff, against the Chicago City Railway Company, defendant, to recover for personal injuries received while a passenger on one of its cars. There was a verdict and judgment for plaintiff for $4,750 and costs, from which defendant appeals.

BUSBY, WEBER & MILLER, BENJAMIN F. RICHOLSON and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 278*—*what care required towards passenger.* In an action against a carrier for personal injuries, an averment in the declaration that at the time of the accident plaintiff was a passenger on defendant's car implies a duty on defendant's part to exercise towards plaintiff the highest degree of care reasonably consistent with the means of conveyance employed and the practical operation of its line, which duty continues until the passenger has had a reasonable opportunity to alight safely.

2. CARRIERS, § 476*—*when custom as to keeping of exit door*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*latched while car is moving need not be alleged or proved.* In an action by a passenger against a street railway company to recover for injuries alleged to have been received in alighting from a moving car through the negligence of the motorman in unlatching while the car was moving, an exit door which was customarily kept latched until the car stopped, in order to show actionable negligence on defendant's part it was not necessary that plaintiff should aver the custom as to the operation of the exit doors on defendant's cars, nor that, having averred it, he should prove it, but it is sufficient if from the evidence it can be reasonably said that plaintiff was warranted in assuming that the unlatching of the door amounted to an invitation to plaintiff to alight, irrespective of the existence of any custom as to unlatching the door.

3. CARRIERS, § 4*—*when evidence as to custom of keeping exit door latched until stopping of car is admissible.* In an action by a passenger against a street railway company to recover for injuries alleged to have been received in alighting from a moving car through the negligence of the motorman in unlatching, while the car was moving, an exit door which was customarily kept latched until the car stopped, competent evidence as to the existence or nonexistence of the custom is admissible and material as bearing on the question as to whether plaintiff was in the exercise of due care at and just before the time of the accident.

4. CARRIERS, § 480*—*when negligence of motorman in unlatching exit door while car is still moving is question for jury.* In an action by a passenger against a street railway company to recover for injuries alleged to have been received in alighting from a moving car through the motorman's negligence in unlatching at night and while the car was moving, an exit door which was customarily kept latched until the car stopped, where there is a conflict in the evidence as to whether or not the motorman's act was negligence, the question is for the jury.

5. CARRIERS, § 480*—*when contributory negligence of passenger in opening unlatched exit door while car is moving and alighting is question for jury.* In an action by a passenger to recover for injuries alleged to have been received in alighting from a moving car through the motorman's negligence in unlatching at night and while the car was moving, an exit door which was customarily kept latched until the car stopped, where the evidence as to whether or not the plaintiff was guilty of contributory negligence in opening the door and alighting is conflicting, the question of his negligence is for the jury.

6. CARRIERS, § 464*—*what evidence material upon proximate cause of injury to passenger alighting from moving car at night.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action by a passenger to recover for injuries alleged to have been received in alighting from a moving car at night, through the motorman's negligence in unlatching, while the car was moving, an exit door which was customarily kept latched until the car stopped, evidence that the motorman turned around and looked at plaintiff when he unlatched the door; that, although he saw plaintiff open the door to alight, he did not warn him; that the immediate environment was dark and plaintiff could not, therefore, see the street pavement; that plaintiff had observed that the defendant's motormen did not unlatch the exit doors until the cars had stopped is material upon the question of the proximate cause of the injury.

7. DAMAGES, § 191*—*when question as to what caused resulting injury to hand is for jury.* In an action to recover for personal injuries received by alighting from a moving street car, where, though there is no positive testimony that the use of plaintiff's left hand was impaired as a result of the fracture of his collar bone caused by the fall, an expert testifies that, in his opinion, the crippled condition of the hand is permanent and probably resulted from an abscess which he found in the left arm pit, and the evidence shows that plaintiff had to undergo an operation on his collar bone immediately after the accident, following which the abscess formed, and that shortly thereafter plaintiff discovered that the fingers of his left hand resisted a firm closure, and he testifies that before the injury he had never had any trouble with his shoulder or arm and had always had full use of his left hand, the question as to what caused the disability of his hand is properly submitted to the jury as one of fact.

8. DAMAGES, § 120*—*when verdict for personal injuries is not excessive.* In an action for personal injuries, a verdict for $4,750 is not excessive where it appears that plaintiff fractured his collar bone and was totally incapacitated for about seven months, that he was subsequently unable to follow his trade as a carpenter, owing to his inability to close his hand as a result of the injury, and was obliged to accept other employment at a reduced salary, though it appeared that for a time before the injury he had temporarily done other than carpenter work, owing to a scarcity of work, at a lower figure than that paid carpenters, where it appears that when he received the injury he was again working as a carpenter.

9. CARRIERS, § 482*—*when instruction is not erroneous as limiting passenger's exercise of care to time of accident.* In an action by a passenger to recover for personal injuries received in alighting from a moving street car, an instruction that if the jury believed from the evidence that plaintiff was injured while in the exercise

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of ordinary care for his own safety, provided they believed he was blameless of any contributory negligence, and that he was injured as a result of negligence on the part of defendant as charged in the declaration, they should find for the plaintiff, is not misleading as limiting plaintiff's exercise of care to the time of the happening of the accident, as the words "while in the exercise of ordinary care" are sufficiently comprehensive to include the time just preceding the accident.